### Brennan's Case.

Argued January 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George W. Keitel,* Assistant Deputy Attorney General, with him *Louis Cohen* and *Claude T. Reno,* Attorney General, for appellant.

No appearance was made nor brief filed for appellee.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

The Secretary of Revenue upon receipt from the clerk of courts of Northumberland County of a certificate showing that Thomas Brennan had entered a plea of nolo contendere to a chargè of failing to stop at the scene of an accident revoked his operating privilege. This action was taken pursuant to §614 of the Vehicle Code, Act of May 1, 1929, P. L. 905, as amended by Act of June 29, 1937, P. L. 2329 (75 PS §191). Brennan then presented a petition to the court below for a hearing, citing as authority for such appeal and hearing §616 of the Vehicle Code (75 PS §193). The appeal was allowed and, after hearing, that court entered an order rescinding the order of revocation and directing that the operating privilege of the petitioner be restored. The petition for an appeal should have been refused.

The Vehicle Code makes a clear distinction between *revocation* and *suspension* of operating privileges, a different procedure is prescribed governing the action of

the secretary, and the taking of action is authorized for different reasons. The code does not provide for an appeal in the case of a revocation. Section 614 is subtitled "Revocation of Operating Privilege" and provides that the secretary shall forthwith *revoke* for a period of one year from the date of revocation the operator's license upon receipt of a certificate showing, inter alia, that the operator has entered a plea of nolo contendere to a charge of failing to stop at the scene after his vehicle has been involved in an accident resulting in injury or death or damage to property. The action called for by the secretary is mandatory and does not lie within his discretion.

Section 615, as amended by Act of June 27, 1939, P. L. 1135 (75 PS §192), under the sub-title "Suspension of Licenses or Operating Privileges" provides that the secretary *may* suspend an operator's license or learner's permit after a hearing in certain definite prescribed situations. A discretion is vested in the secretary and a hearing is required. Under a sub-title "Suspension of Privilege to Apply for Operator's License or Learner's Permit" it provides that the secretary may suspend the privilege of any person to apply for an operator's license or learner's permit after a hearing when the secretary finds upon sufficient evidence certain prescribed facts.

Section 616, as amended (75 PS §193), provides that "any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition . . . for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides." It further provides for the taking of testimony, an examination of the facts of the case and a determination by the court whether the petitioner is subject to suspension of operator's license or learner's permit or whether he may be deprived of the privilege of applying for a license or permit.

It is plain that the legislature intended to confine the operation of §616 to those situations defined in the para-

graph. There is a clear line of demarcation drawn by the code between suspension and revocation. For certain definite offenses the secretary is required to *revoke* the license without hearing and he is given no discretion; while in the case of suspension, a hearing is required and a certain amount of discretion is vested in the secretary. When we consider the arrangement of the act, the manner in which the different sections are titled, and the purpose of §616, it does not seem to be open to argument that the legislature did not intend to give a right of appeal in the case of a revocation of a license where the action of the secretary is mandatory.

Brennan had his day in court when he appeared and entered his plea of nolo contendere. The revocation by the secretary was based thereon just as the sentence by the court of quarter sessions followed the plea. The guilt of the operator having been established by his own plea, the secretary was bound by the mandate of the legislature and the Vehicle Code has provided for no appeal from such action.

The order of the court below is reversed at defendant's cost.