## Commonwealth v. Goffort

*Alvin J. Ludwig*, for Commonwealth.
*Joseph A. Burns*, for defendant.

WEISS, J., February 19, 1951.—This is an appeal by William Goffort, defendant, from the suspension of an automobile driver's license by the Director of Highway Safety for the Secretary of Revenue, Harrisburg, Pa.

The stipulated facts are as follows:

1. That William Goffort resides at 1601 McBride Street, Pittsburgh, Pa., and is the holder of motor vehicle operator's license issued by the Pennsylvania Department of Revenue for the year 1950, being plate number 5318493 and license number 1523654.

2. That on April 4, 1950, at January term, 1948, no. 2726, in the Court of Common Pleas of Allegheny County, a judgment was rendered against William Goffort for damages on account of personal injury and *damage to property resulting from the operation of a*

*motor vehicle by him, to wit; a Ford-Ferguson farm tractor.*

3. That appellant has failed to satisfy the judgment and it remains unsatisfied of record.

4. That on October 5, 1950, the Director of Highway Safety, for the Secretary of Revenue, suspended appellant's operator's license for an indefinite term for failure to satisfy the judgment.

5. That at the above term and number appellant took an appeal from this order to the Court of Common Pleas of Allegheny County.

It is further stipulated and agreed that this stipulation shall be filed and become a part of the record of the above-captioned case.

### Issue Involved

Is a Ford-Ferguson farm tractor a "motor vehicle" within the meaning of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as reënacted and amended by the Act of May 12, 1949, P. L. 1298?

### Discussion

There is no judicial precedent in this Commonwealth adjudicating the fact that a farm tractor *is* or *is not* a motor vehicle in accordance with the act of assembly, supra. The administrative officials of the Commonwealth charged with the administration of the Uniform Automobile Liability Security Act, supra, and the Motor Vehicle Safety Responsibility Act have requested this court for judicial determination of this important question as highly desirable and of inestimable value in the future departmental conduct of this Commonwealth agency, and the court herein is happy to comply therewith.

A tractor *is not* a motor vehicle within the meaning of the Uniform Automobile Liability Security Act.

"Tractors" are excepted from the definition of Motor Vehicle as set forth in section 1(*b*) of the act, supra, which reads as follows:

"Definitions.—Throughout this act, unless the context indicates a different intention, the singular includes the plural, and the masculine pronoun includes the feminine and the neuter.

"As used in this act—

"(b) 'Motor vehicle' means any self-propelled device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, *except tractors*, power shovels, road rollers, agricultural machinery, and vehicles which move upon or are guided by a track or trolley, or travel through the air." (Italics supplied.)

If the instrumentality is a *tractor*, it is obviously not a *motor vehicle*, and, therefore, the judgment in the trespass action, is not based on the operation of a *motor vehicle* as a consequence of which the Secretary of Revenue would not have the power to enter the order appealed from. We are satisfied that whether or not the instrumentality is a "motor vehicle" is a mixed question of fact and law purely for the determination of this court on the basis of the stipulation filed as a part of this record, and this court in determining this matter takes judicial notice of the trespass action filed herein at the January term, 1948, no. 2726, involving the "tractor". *This court is fully satisfied that the instrument involved (Ford-Ferguson farm tractor) is not a motor vehicle and was within the exception to the definition of motor vehicle as set forth in section 1 of this act, supra, and the order of suspension is therefore invalid and hereby reversed.*

This court desires to comment upon the action of the Director of Highway Safety for the Secretary of Revenue in this order of suspension for the action taken by the secretary. The action taken by the sec-

retary in suspending petitioner's operating privileges for failure to satisfy the judgment against him was proper and mandatory.

When the secretary received the certification from the Prothonotary of Allegheny County that a judgment had been recovered against petitioner for damages, etc., resulting from the operation of a motor vehicle and that it was unsatisfied and subsisting, he had no choice but to suspend petitioner's operating privileges. Section 11 of the Uniform Automobile Liability Security Act, as reënacted and amended, 75 PS §1263 (pp), provides in part:

"If, within fifteen days after it becomes final, any person fails to satisfy any judgment rendered against him by a court of competent jurisdiction in this or any other State, or the District of Columbia or any province of the Dominion of Canada, or by a District Court of the United States, for damages on account of personal injury, or of damage to property in excess of five dollars and thirty-three cents ($5.33), resulting from the operation, subsequent to the effective date of this act, by him, his agent or any other person with his express or implied consent, of a motor vehicle owned by him, or the operation by him or his agent of a motor vehicle not owned by him, the Secretary, upon receiving a certified copy of such final judgment from the court in which the same was rendered, shall give such person notice within five (5) days after receiving such certified copy by registered mail at his last address recorded in the Department of Revenue that his operator's license and all of his registration certificates will be suspended unless such judgment is satisfied within twenty (20) days from the date of such notice. Upon failure to satisfy any such judgment the secretary shall forthwith suspend such person's operator's license and all of his registration certificates and they

shall remain suspended and shall not be renewed, nor shall any other motor vehicle be thereafter registered in his name, while such judgment remains unsatisfied and subsisting and until he has furnished proof of financial responsibility for future accidents."

The action called for by the secretary under section 11 is mandatory and does not lie within his discretion. Section 11 provides that the secretary *shall forthwith suspend.* It does not provide that the secretary *may* suspend, nor does it provide that the secretary *may* suspend *after* a hearing. The language *"shall forthwith suspend"*, means that the secretary must suspend and that he has no discretion, and when the act of the secretary is mandatory defendant has no right of appeal: Brennan's Case, 344 Pa. 209.

The certificate of unsatisfied judgment transmitted to the Secretary of Revenue by the Prothonotary of the Court of Common Pleas of Allegheny County in conformity with section 13 of the act *indicated that the judgment was predicated on the operation of a motor vehicle. The stipulation of facts agreed to by counsel assumed that fact as a verity.* The Secretary of Revenue, as the matter was presented to him, had a mandatory duty, under section 11 of the act, to suspend appellant's motor vehicle operating privilege.

However, *we commend the Commonwealth for calling the courts' attention, in the interests of justice, to the fact that the instrumentality involved in the trespass acion at the January term, 1948, no. 2726, was a Ford-Ferguson farm tractor and not an automobile or automobile truck or other type of motor vehicle.* This was determined upon examining the records by the Deputy Attorney General for the Commonwealth, and as a result thereof, this judicial determination.

The appeal is hereby sustained.

*Order*

And now, to wit, February 19, 1951, it is hereby ordered, adjudged and decreed that the appeal of William Goffort from the action of the Secretary of Revenue, in suspending his motor vehicle operating privileges, is hereby sustained, and the order of the Secretary of Revenue is hereby vacated, and the Secretary of Revenue is hereby directed to reinstate the operating privileges of appellant.

Costs to be paid by appellant.