## Angelos License

*A. M. Matthews*, for Commonwealth.

*Shaver & Heckman*, for appellant.

LANSBERRY, P. J., December 14, 1951.—George Pete Angelos, a resident of Baltimore, Md., presented his appeal from the determination entered by the Secretary of Revenue suspending his motor vehicle operator's privileges for a period of one year pursuant to that official's authority contained in section 615(*b*) (4) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192(*b*) (4). On the assumption that the court had jurisdiction in the appeal, an order was entered June 14, 1951, permitting the appeal to become a supersedeas, after which full hearing was held on the merits.

Appellant was on August 22, 1950, and prior thereto a resident of the State of Maryland, residing at 4306 Arabia Avenue in the City of Baltimore, and by the

State of Maryland authorized to operate a motor vehicle as evidenced by his license properly issued for an indefinite period or until revoked or suspended. On the above date he was operating his Buick automobile westward on the Pennsylvania Turnpike and at a point on that dual highway near the town of New Baltimore in Somerset County, Pa., was involved in an accident wherein Dalton E. Sheirer, a workman on the turnpike at the time, was fatally injured.

Although the question of the jurisdiction of this court to hear this appeal was mentioned at the time of entering the order making the appeal a supersedeas, that question was not formally presented either of record or at the two hearings on the merits of the case. We have, however, considered the question of the court's jurisdiction in the premises and are reluctantly constrained to the conclusion that the Court of Common Pleas of Somerset County lacks jurisdiction to entertain and hear this appeal.

In 21 C. J. S., Courts, §114, the broad rule is stated:

"A court has the right and duty to raise the question of its jurisidction, of its own motion. If, at any time the court finds that it lacks jurisdiction, it should take appropriate action, irrespective of the parties' wishes."

To the same effect is the statement contained in 2 Am. Jur., Appeal and Error, §15:

"Even though neither party questions the jurisdiction, it is the duty of the court to determine from the record whether or not it has jurisdiction."

The effect of the lack or want of jurisdiction appears in 14 Am. Jur., Courts, §167, as follows:

"A universal principle as old as the law is that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property. In other words, a court without jurisdiction over a case cannot enter judgment in favor

of either party. It can only dismiss the case for want of jurisdiction."

In the instant appeal the petition asserts that the testimony taken at the hearing confirms the fact that George Pete Angelos is a nonresident of Pennsylvania and a resident of Maryland. The Vehicle Code, sec. 615(d), 75 PS §192, provides, inter alia:

"(d) The secretary is hereby authorized to suspend the privilege of any non-resident to operate a motor vehicle in this commonwealth for any cause for which the license of a resident operator may be suspended or revoked. . . ."

Among the causes for which a resident operator's license may be suspended is: "That such person was operating any motor vehicle involved in an accident resulting fatally to any person": Section 615(b) (4) of The Vehicle Code, 75 PS §192(b) (4). The statutory authority of the Pennsylvania Secretary of Revenue to suspend this nonresident operator's privileges in Pennsylvania is evident. The Vehicle Code does not provide for an appeal by a nonresident from the suspension of his motor vehicle operator's privileges. That code provides only for an appeal from the suspension of the operator's license or learner's permit when such appellant is a resident of the Commonwealth. Section 616, 75 PS §193, as now amended, provides for certain appeals and is as follows:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; and such court is hereby vested with jurisdiction, and it shall be its duty, to set

the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act."

It is manifest that not only the granting of licenses and privileges to operate motor vehicles upon the public highways is wholly statutory but likewise is the suspension and revocation of those licenses and privileges as well as appeals therefrom, wholly statutory. The jurisdiction of the court to hear the appeal and determine the issue rests upon and must be found in the statute enacted by the legislature and approved by the executive of the Commonwealth; otherwise it does not exist. Moreover, in the instant circumstances, jurisdiction is not to be implied, there being no basis for such implication.

Although there does not appear to be any reported case on the precise point which we have raised here, the language employed by the present chief justice of our Supreme Court in Arrott v. Allegheny County, 328 Pa. 293, in a suit to recover personal property taxes erroneously and inadvertently paid, asserts the governing principle applicable here:

"Had the legislature intended to provide for an appeal to the courts it would have made explicit provision therefor: see 9 Standard Pa. Practice, Sec. 13, footnote 16. Jurisdiction must be clearly conferred; it cannot be assumed by implication. This statute is in derogation of the common law and must be strictly construed: . . ."

The Department of Revenue of the Commonwealth is a department of the executive branch of the State

Government and the granting, as well as suspension, of motor vehicle operators' licenses and privileges is in the nature of and analogous to the authority of the many and various administrative agencies presently fashionable in our State and Federal Governments. Numerous cases construing the jurisdiction of the courts to hear appeals from the various administrative agencies are reported which emphasize the prevailing rules that "Since the right of appeal is purely statutory, the terms of the statute must be strictly followed" (42 Am. Jur., Pub. Admr. Law, §231) and, "There can be no appeal from the decision of an administrative agency except pursuant to specific statutory provision therefor . . .": Id., §232.

In Brennan's Case, 344 Pa. 209, our Supreme Court had occasion to examine section 616 of The Vehicle Code relative to the right of appeal from an order of the Secretary of Revenue revoking an operator's privileges and, while the precise question here presented was not before the court in that appeal, the language of Mr. Justice Parker at page 211 is persuasive here:

"It is plain that the legislature intended to confine the operation of §616 to those situations defined in the paragraph. There is a clear line of demarcation drawn by the code between suspension and revocation. For certain definite offenses the secretary is required to revoke the license without hearing and he is given no discretion; while in the case of suspension, a hearing is required and a certain amount of discretion is vested in the secretary. When we consider the arrangement of the act, the manner in which the different sections are titled, and the purpose of §616, it does not seem to be open to argument that the legislature did not intend to give a right of appeal in the case of a revoca-

tion of a license where the action of the secretary is mandatory."

Having concluded that this court does not have jurisdiction in the matter of this appeal, we shall dismiss the appeal without further narrative or discussion of the facts and without determination of the merits of the appeal. We may suggest, but we do not herein decide, that a nonresident may be included in that class of persons given a right of appeal to the Court of Common Pleas of Dauphin County from an adjudication made by certain agencies of the Commonwealth as provided and regulated in the Administrative Agency Law, approved June 4, 1945, P. L. 1388, 71 PS §1710.1.

### Order

Now, December 14, 1951, the within appeal is dismissed at the cost of appellant.