## Nester License

*Donald D. Dolbin* and *Randolph C. Ryder*, for Commonwealth.

*Daniel J. Boyle*, for appellant.

6

CURRAN, J., March 29, 1954.—Appellant appealed "nunc pro tunc from the summary suspension or revocation of his driver's license privileges." The court, by order dated January 7, 1952, ordered the appeal filed and notice given to the Secretary of Revenue.

It appeared that on December 18, 1950, appellant, who held a driver's license for the year 1950, was arrested for speeding, and that he was given a hearing before Department Examiner Edelstein on March 25, 1951, and that without further notice from the department his operator's card was summarily taken from him on May 3, 1951, by a State policeman.

The basic question is whether the action of the Department of Revenue was a suspension or a revocation. It has been settled that no appeal lies from a revocation (Brennan's case, 344 Pa. 209), but that a suspension may be appealed from: Act of May 1, 1929, P. L. 905, par. 616, as amended, 75 PS §193.

The authority of the Secretary of Revenue to revoke operating privileges is specifically set out in The Vehicle Code of May 1, 1929, P. L. 905, par. 614, as amended, 75 PS §191. In substance this section provides for revocation only in cases where the licensee entered a plea of guilty or of nolo contendere, or was found guilty of (1) operating under the influence of drugs or liquor, or (2) any crime punishable as a felony under the motor vehicle laws, or any felony in the commission of which a motor vehicle is used, or (3) failure to stop and render assistance or disclose identity at the scene of an accident.

The Secretary of Revenue, by his summary conduct in this case, leaves undecided whether or not he was proceeding to revoke or merely proceeding to suspend the operating privileges of the appellant. If the action of the Secretary of Revenue is to be considered a revocation for having made a false statement on the application for driving privileges it would be manifest that

he would be exceeding the authority conferred upon him by the legislature and his action would be arbitrary and illegal, since it is agreed by counsel that there was no conviction for having made false statements on the application for driver's privileges and there was no plea of guilty or no plea of nolo contendere. However, if more than one construction can be placed upon an action of a public official, one of which would be legal and the other illegal, it appeals to reason to presume that the official was acting in a legal manner: Fleming et al. v. Adamson et al., 321 Pa. 28, 182 Atl. 518; Beacon v. Robison et ux., 157 Pa. Superior Ct. 515, 43 A. 2d 640.

The Vehicle Code, with respect to suspension of operating privileges as distinguished from revocation, is more liberal in its grant of authority. The Secretary of Revenue under the Act of May 1, 1929, P. L. 905, par. 615.1, as amended, 75 PS §192, has it within its powers to suspend after hearing, the driving privileges of a licensee for any violation of The Vehicle Code. Here appellant was charged with speeding, and in the petition raising question of jurisdiction with violating the Act of May 1, 1929, P. L. 905, par. 606, as amended, 75 PS §166, by giving false answers to questions on an application for learner's permit. If we presume that the Secretary of Revenue was acting in a legal manner we assume that he was moving to *suspend* the operating privileges of appellant and from this action lies an appeal: 75 PS §193, supra.

In the petition raising question of jurisdiction the Commonwealth takes the position that the license issued to appellant was void and invalid because of an alleged falsity appearing on the application for learner's permit filed in 1945. However, in 1945 the Act of 1929, P. L. 905, section 614 (*a*) (2) provided that the Secretary of Revenue could revoke the driving privileges of one who was convicted or who pleaded

guilty or one who pleaded nolo contendere to knowingly having made a false statement or knowingly having concealed a material fact in any application for privileges.

If the Secretary of Revenue had acted prior to July 1, 1949, upon the false statements in the application by obtaining a conviction of having made the same he could have revoked the driving privileges of appellant. However, on July 1, 1949, subsection (a) (2) of section 614 of the Act of 1929 was repealed and the Secretary of Revenue was deprived of his powers to revoke for false statements appearing on applications. Nevertheless he could, under 75 PS §192(b) (2), after a hearing, move to suspend the driving privileges of one who made such false statements in violation of 75 PS §166. Nowhere in the act is there a provision making false statements on applications a cause for voiding or revoking licenses in effect.

In considering both 75 PS §166 together with 75 PS §192, it is apparent that the intention of the legislature was to provide the Secretary of Revenue with the remedy of suspension in such cases.

The only jurisdictional question remaining is whether or not the petition contains sufficient allegations to warrant the allowance of filing the appeal nunc pro tunc. In Commonwealth v. Eckman, 78 D. & C. 1, it was held that an appeal nunc pro tunc may be filed only when a satisfactory explanation for the delay is given and ignorance of the law does not constitute sufficient explanation. However, the anomalous action of the Secretary of Revenue in this case may be deemed sufficiently confusing to both appellant and his counsel to warrant the court granting permission to file this appeal nunc pro tunc.

Assuming and considering that the action of the Secretary of Revenue was taken under the provisions of 75 PS §192(b) (2) we conclude that the Secretary of

Revenue was acting within the provisions of the code and his action was that of suspending the motor vehicle operator's license of appellant. Since appellant was not notified of the action of the Secretary of Revenue in the usual fashion by written notice we believe it to be a proper case for the allowance of the appeal nunc pro tunc.

So considering the action now before us it is apparent from the testimony that appellant did make erroneous answers in his application for his motor vehicle operator's license. He cannot be excused because of his allegation that someone other than himself completed the form to which he appended his signature. Even if this be true he accepted the information contained in the application as his own act when he signed the application, took affidavit thereto and forwarded it to the Secretary of Revenue.

And now, to wit, March 29, 1954, the action of the Secretary of Revenue is sustained and the appeal is dismissed.