## Jarnutowski Appeal

*T. Sidney Cadwallader*, for appellant.

RUBIN, J., August 16, 1957.—As appears from the caption, this case is an appeal by Benjamin B. Jarnutowski, also known as Benjamin B. Jabnutowski, from

the refusal of the Secretary of Revenue to *issue* an operator's license to him.

In his petition for appeal, appellant avers that he is a resident of Bensalem Township, Bucks County, that he has a physical disability, having lost the use of both hands shortly after birth, that on August 22, 1956, he applied for a learner's permit to operate a motor vehicle and that such permit was duly issued to him. He further avers that on September 8, 1956, he passed not only the regular examinations required by the Department of Revenue, but an additional special examination as well, that after he had passed the examinations above referred to, the Department of Revenue, on September 19, 1956, advised appellant that under section 604 of The Vehicle Code of May 1, 1929, P. L. 905, an operator's license could not be issued to him because of his physical disability, to wit, the loss of both hands, that at appellant's request the Department of Revenue held a hearing on November 26, 1956, at which the appellant was heard and testimony taken and that on December 11, 1956, the Department reiterated its refusal to issue an operator's license because appellant was a person "whose physical disability includes the loss of the use of both hands." The petition closes with a request that this court order a hearing to examine the facts of the case and determine whether appellant has been deprived of the *privilege of applying for an operator's license* under the provisions of article VI, sec. 616, of The Vehicle Code, as amended, 75 PS §193. The court fixed February 1, 1957, at 10 a.m. at the courthouse, Doylestown, as the time and place of hearing. The Department of Revenue was notified of the time and place of the hearing but neither appeared nor filed an answer to the petition.

At the hearing, the hearing judge, in limine, of his own motion, raised the question of the jurisdiction of

this court to entertain the appeal and stated of record that he would reserve decision on this point until after argument thereon before the court en banc. The testimony was then taken subject to the ruling of the court on the question of jurisdiction to entertain the appeal from the refusal of the Secretary of Revenue to issue an operator's license to appellant. Argument was heard by the court en banc at which time the Secretary of Revenue was represented by counsel and we now have before us the question of the jurisdiction of this court to entertain the appeal.

It is clear from the facts averred by appellant in his petition that the appeal is from the refusal of the Secretary of Revenue to issue an operator's license as indicated in the caption of the case, rather than an appeal from the deprivation of the privilege of applying for an operator's license as averred in the closing paragraph of appellant's petition. Appellant's application for a learner's permit was accepted and the permit was issued; he was permitted to take the examinations prescribed for the obtaining of an operator's license and it does not appear that he was deprived of any right or privilege whatsoever in connection with his *application* for an operator's license. To the contrary, he was permitted to take every step and exercise every privilege pertaining to his application for a learner's permit and an operator's license. As we understand appellant's position, his sole ground for complaint is that the refusal of the Secretary of Revenue to issue an operator's license to him under article VI, sec. 604, subsecs. (*a*) 7, (*b*), 75 PS §164, of The Vehicle Code, was an abuse of discretion on the part of the Secretary.

The section of The Vehicle Code relating to the issuance of an operator's license to a person suffering from a physical disability and in particular the loss of the

use of both hands is article VI, sec. 604, and provides in pertinent part as follows:

"(a) An operator's license or learner's permit shall not be issued to any person under the following conditions:

"1. When less than eighteen (18) years of age. . . .

"2. When operating privilege is suspended.

"3. When operating privilege is revoked.

"4. When applicant's name appears upon department's prohibitory list. . . .

"5. to an habitual drunkard or addict to the use of narcotic drugs.

"6. When adjudged insane or an idiot, imbecile, epileptic or feeble-minded, . . . unless the secretary is satisfied such person is competent to operate a motor vehicle or tractor with safety to persons and property.

"7. *When afflicted with, or suffering from a physical* or mental *disability* or disease, or from a weakness or disability in vision or hearing which, *in the opinion of the secretary*, will prevent such person from exercising reasonable and ordinary control of a motor vehicle or tractor.*

"8. . . . .

"9. . . . .

"(b) Physical disability includes the loss of the use of both hands. . . ." (Italics supplied.)

There can be no doubt that the Secretary under the foregoing section of The Vehicle Code is vested with the authority and discretion to determine whether or not an operator's license shall issue to a person who is afflicted with or suffering from a physical disability, particularly where such disability includes the loss of the use of both hands. The Secretary of Revenue has taken the position that the section of The Vehicle Code set forth above prohibits him from issuing a license to a person who has lost the use of both hands. It is unnecessary for us to decide whether or not the Secretary is

prohibited from issuing the license or whether he may issue the license if satisfied that a person who has lost the use of both hands can exercise reasonable and ordinary control over a motor vehicle or tractor. We are here concerned only with the problem of the jurisdiction of this court to determine, on appeal, whether appellant was unjustly or illegally deprived of his right to have an operator's license issued to him.

Defendant contends this court has such jurisdiction by virtue of article VI, sec. 616, of The Vehicle Code, 75 PS §193, which reads in pertinent part, as follows:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the Secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act. . . ."

We do not perceive how the language of the above quoted section of The Vehicle Code can be construed to give appellant the right of appeal to this court under the facts and circumstances of this case. It is clear that he is not in any of the situations defined in the statute. His operator's license has not been suspended, his learner's permit has not been suspended nor has he been deprived of the privilege of applying for an operator's license or learner's permit. Since the lan-

guage of the statute is plain and unambiguous, we may not resort to the rules of statutory construction to seek its meaning: Commonwealth v. Przychodski, 177 Pa. Superior Ct. 203, 209. See also article IV, sec. 51, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551. The Supreme Court in Brennan's Case, 344 Pa. 209, 211, held that section 616 of The Vehicle Code, 75 PS §193, must be strictly construed and confined to the operation of the situations defined therein.

We therefore hold that article VI, sec. 616, of The Vehicle Code does not, under the facts and circumstances of the instant case, permit an appeal from the refusal of the Secretary of Revenue, under article VI, sec. 604, of The Vehicle Code, to issue an operator's license. Appellant is thus left without statutory authority or other right to appeal from the action of the Secretary of Revenue. In the absence of such authority, we have no jurisdiction under the facts and circumstances of the instant case, to entertain an appeal[1] from the action of the Secretary of Revenue complained of or to issue a writ of certiorari[2] to the Secretary of Revenue to review his refusal to issue an operator's license to appellant who suffers from the physical disabliity as defined by the pertinent section of The Vehicle Code. We accordingly must quash the appeal and enter the following order.

And now, to wit, August 16, 1957, the petition is dismissed and the appeal is quashed, costs to be paid by petitioner.

---

[1] See Brennan's Case, supra; Short's Estate, 315 Pa. 561.

[2] It is well settled that, absent any statutory authority or authority granted by the Constitution, a court of common pleas cannot issue a writ of certiorari to an administrative tribunal or officer of the Commonwealth: Nobles v. Poillet, 16 Pa. Superior Ct. 386; Pasquale v. Morrisville Borough, 8 D. & C. 2d 530, and cases therein cited.