## License Suspensions for Drunken Driving

ELMER T. BOLLA, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, June 3, 1959.— You have requested an opinion concerning the policy to be adopted by the Bureau of Highway Safety, Department of Revenue, to be applied to sections 614 and 615(*b*)1 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §§191 and 192, with relationship to a same offense by the same person.

On January 20, 1959, a person had his driver's license suspended for a period of nine months for the offense of operating a motor vehicle while under the influence of intoxicating liquor pursuant to an administrative hearing under section 615(b)1, as amended, 75 PS §192, which provides:

"(b) The secretary *may* suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

"1. That such person has committed any offense for the conviction of which mandatory revocation of license is provided in this act; . . ." (Italics supplied.)

However, the Secretary does not actually suspend the license until the receipt of the operator's card,

which in this case was on January 31, 1959. The administrative hearing was held after the arrest of the person but before his conviction, as certified by the court in the criminal case to the Secretary of Revenue on February 6, 1959, showing the conviction of this same person for the same offense. Between the dates of January 31, 1959, and February 6, 1959, the person in question served some of the time of his suspension. Upon receipt by the Secretary of the certification by the court, the provisions of section 614, as amended, supra, 75 PS §191, became operative. This section provides:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, *the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person,* and where such person was convicted, or entered a plea of guilty or nolo contendere, of any one of the crimes enumerated in this section, such operating privilege shall not be restored, unless, and until, the fine and costs, imposed in such cases, have been fully paid. The clerk of the courts shall, when such fine and costs have been so paid in any such case, certify such fact to the Department of Revenue.

"1. Operating a motor vehicle or tractor while under the influence of intoxicating liquor, ... (Italics supplied.)

In construing section 614 of The Vehicle Code, supra, the court in Brennan's Case, 344 Pa. 209, 210, 212 (1942), stated:

". . . This action was taker pursuant to §614 of the Vehicle Code, Act of May 1, 1929, P. L. 905, as amended by Act of June 29, 1937, P. L. 2329 (75 PS §191)'.

". . . For certain definite offenses the secretary is required to revoke the license without hearing and he is given no discretion; . . ."

The question now arises whether or not credit can be given to the driver in question for the time already served on the suspension imposed as the result of the administrative hearing toward the period of the one year mandatory revocation.

The policy to be adopted must be within the limitation allowed by law. It is important to note that the two actions against this person were entirely different and the results were also different, to wit, a suspension and a revocation.

At common law and by statutes courts have inherent power to suspend or change sentences. Under delegated statutory law the Secretary can do only what he is authorized to do.

In The Vehicle Code there is neither a specific, implied nor a discretionary authority to give credit on the period of suspension toward the period of revocation. To allow the Secretary to do so would, in effect, be saying that the one-year period provided is of no consequence or certainty, and the Secretary can create an end result different from that intended by the legislature varying in time with the circumstances of each case. Further, to give credit for the period of suspension served prior to the revocation would, in effect, be antedating the mandatory one year to commence at a time prior to the date of the conviction and revocation.

In fact, in the case of Hynes v. Logan, 47 D. & C. 333, 334 (1943), the Secretary did change the expiration of a revocation date, and the court refused to accept the change. In that case, the court, after reviewing the facts stated:

"We are asked to determine the period which the second revocation covers, . . .

"Forthwith means 'immediately' or 'without delay.'

"Under the aforesaid section the Legislature has put the duty upon the Secretary of Revenue to deny an operator the privilege of driving immediately upon receiving a certified record from the clerk of the courts. . . .

"*It is the operating 'privilege' which the law takes away from the violator. This privilege can be denied him whether, at the time it is taken away, he has a license or not. The penalty is not the revocation of the license, but is the denial of the privilege to operate. The Act says that the period for which he shall not have such privilege is one year from the date of revocation.* The revocation apparently does not take effect until the Secretary of Revenue acts. It is his duty to act immediately upon receipt of official word from the clerk of the court. . . .

"The actual withdrawal of the operating privilege is not uniform under the practice of the Department. Presumably one person may not have his privilege withdrawn until three months after conviction while another may have his privilege revoked a month and a half later. *The result would be in dating the revocation back to the date of conviction that one person's operating privilege may be withdrawn for 10½ months and another's for only nine months, while the Act provides for one year.*" (Italics supplied.)

There must be uniformity in the application of the provisions of section 614 of The Vehicle Code, supra, as to all persons, meaning one year for each, no more and no less, regardless of other pertinent related facts.

Since there can be no appeal to a court from a revocation where the action of the Secretary is mandatory,* it must necessarily follow that the Secretary,

---

* Brennan's Case, supra, 344 Pa. 209, 212.

by exercising his discretion, cannot change the one year period after revocation.

We are of the opinion, therefore, and you are accordingly advised that the one year mandatory revocation under section 614 of The Vehicle Code, supra, cannot be changed in time or be reduced in effect by giving to a person credit for time served under a suspension under section 615(*b*)1 of The Vehicle Code, supra.