## Iscovitz License

*Daniel F. Daley*, for appellant.

*Joseph V. Casper*, for Commonwealth.

BROMINSKI, J., June 29, 1967.—This matter comes before the court upon the Commonwealth's motion to quash the appeal of Edith K. Iscovitz.

Appellant, Edith K. Iscovitz, filed an appeal from the imposition of a six point penalty charged against her driving record, and direction to attend driving school, as a result of an alleged violation of section 1018(a) of The Vehicle Code of April 29, 1959, P. L. 58. The appeal contends that she was not guilty of the alleged violation and that she was not given the opportunity to have a hearing before the hearing examiner, as provided by The Vehicle Code.

The thrust of the Commonwealth's argument is that section 619.1 of The Vehicle Code, as added by the Act of January 24, 1966, P. L. (1965) 1497, 75 PS §619.1, mandates the secretary *shall*, inter alia, impose points for certain violations. They contend that, since no discretion lies in the secretary, he is performing a mandatory act from which there is no appeal to the court. They, of course, rely on Brennan's Case, 344 Pa. 209; Ullman Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 145; and Smith Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 379. The premise of these three cases lies in Brennan, supra. The Commonwealth accepts the conclusion of Brennan to substantiate its position, i. e.: " . . . the secretary was bound by the mandate of the legislature and the Vehicle Code has provided for no appeal from such action". (Revocation of a license). But they fail to give full

credence to the rationale which led the court to this decision. The Supreme Court also said, at page 212:

"When we consider *the arrangement of the act, the manner in which the different sections are titled, and the purpose of §616*, it does not seem to be open to argument that the legislature did not intend to give a right of appeal in the case of a revocation of a license where the action of the secretary is mandatory". (Italics supplied.)

We must note the tenor of the decision is that the legislature *did not intend* to grant the right of appeal and *not that in every instance there is no right of appeal*. Such need not be the conclusion under the present arrangement of The Vehicle Code. First, if the legislature intended to accomplish that which the Department of Revenue suggests, that is, no allowable appeal, they could have repealed section 620 (appeal provision from a suspension) of The Vehicle Code when they implemented the point system. This they did not do. It might be said, then, that this should make no difference, since here we are dealing with the imposition of points and not a suspension. Yet we are not certain of the department's position, since in Appeal of Joseph C. Malia from the Suspension of Motor Vehicle License, January term, 1967, no. 619, Court of Common Pleas of Lackawanna County, the department moved to quash the appeal when it imposed a six point penalty *and* a 15-day *suspension* of Malia's operator's privilege. There, they argued Brennan, etc., and the court rejected their position, stating that section 620 was not impliedly repealed and appellant had the right to appeal to determine whether the suspension imposed was warranted. This case enunciates the law as heretofore.

We do not think it unfair to presume that when the legislature invoked the point system, it failed, through

oversight, to consider the appeal provision, section 620. In such a sweeping amendment, this oversight can readily be understood.

It is the opinion of this court that much of the misunderstanding surrounding the present circumstance lies in the constant misuse of Brennan, supra, for the proposition that whenever it appears the Secretary of Revenue *shall* impose a penalty, since he exercises no discretion, there is nothing from which to appeal. This, we feel, represents Brennan for a purpose never intended. We repeat, the rationale of Brennan simply states that under the arrangement of the act, etc., it appeared the legislature did not intend an appeal. It did not conclude that no appeal lies whenever the action of the secretary is mandatory.

We respectfully submit that this is why we are confronted with the anomalous result in the Smith Motor Vehicle Operator License Case, supra, where the secretary revoked a license upon a certification from the clerk of courts of a conviction of burglary, where it was not established that appellant's car was used in the burglary. The Superior Court, in reversing the lower court, admitted, at page 383:

"The authority of the Secretary of Revenue to revoke under such circumstances is, at least, questionable, and it is clear that if the Secretary was acting without authority, Smith must have a remedy".

However, admitting a misuse of power by the secretary, they relegated appellant to proceed against the clerk of courts to correct or withdraw the certification to the secretary. As we see it, there was nothing for the clerk of courts to correct, as the certification made no reference to the use of an automobile. Nor could they withdraw the certificate, since it is the clerk's obligation to forward to the secretary certificates of violations of The Vehicle Code. They also suggested

mandamus and injunction proceedings against the secretary in the Dauphin County courts. Why? The matter was before the Court of Common Pleas of Delaware County for disposition. Appellant was entitled to a finding of fact that his car was or was not used in the burglary. This the lower court was able to do. This was not allowed because of the tenacious adherence to the reasoning that Brennan supposedly states no appeal lies if the secretary's act is mandatory. Does this, then, commit the courts to admitting the secretary is without authority and still refuse to reverse his action? *Do we conclude that since the secretary's act is mandatory, it is not subject to error and/or without authority?* There would appear to be no reason why the lower court should not have the right to review the action of the secretary, regardless of whether his authority is mandatory or discretionary.

Another reason why we should digress from the theory that once the legislature mandates the *secretary shall* assign certain penalties, such direction cannot be disturbed, is as follows: When the court hears an appeal, it is de novo, to determine whether the imposition of the penalty is warranted. The courts have no authority to modify a suspension, but only the power to sustain or reverse: Commonwealth v. Moogerman, 385 Pa. 256. The hallmark case of Commonwealth v. Emerick, 373 Pa. 388, is most enlightening. There, the Supreme Court was discussing section 615 of The Vehicle Code, of May 1, 1929, P. L. 905, (now repealed), formerly 75 PS §192, providing that the secretary *may* suspend under certain circumstances. Here, we are discussing section 619.1, providing that the secretary *shall* suspend under certain circumstances. However, the province of the lower court as enunciated in Emerick should apply to both the *may* and *shall* situations. Emerick states:

"The Commonwealth again contends, as it unsuccessfully has previously done, that this statutory provision restricts the power of the Court of Common Pleas to the narrow inquiry whether or not the licensee violated the Code, and if so, the suspension of the Secretary must be sustained. But on numerous occasions this Court has denied such contention. We have repeatedly decided that on appeal the hearing is de novo. In Commonwealth v. Wagner, 364 Pa. 566, 73 A. 2d 676, Mr. Justice Jones encompassed the problem when he said, p. 568: 'It is the Commonwealth's contention that, on the appeal from the suspension of the petitioner's license, the power of the court of common pleas was restricted, by the very words of the Code (Sec. 616), ". . . to determin(ing) whether the petitioner is subject to suspension of operator's license . . . by the secretary under the provisions of this act", and that, the court below having found that the petitioner had violated the Code in the manner alleged, there was nothing left for the hearing court to do but to sustain the Secretary's suspension of the petitioner's license. Unfortunately for that contention, it was ruled by this court a number of years ago that the original requirement of Sec. 616 of The Vehicle Code of 1929 that the hearing court ". . . determine whether the petitioner is subject to suspension of operator's license . . . under the provisions of this act" meant that ". . . the court [was] to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, . . . determine anew whether the operator's license should be suspended": Commonwealth v. Funk, 323 Pa. 390, 399, 186 A. 65 (1936) . . .'

"It is therefore no longer open to question that in appeals from the suspension of a motor vehicle opera-

tor's license, the hearing in the court of common pleas is de novo. . . .

"It is argued that since the licensee appeared before the Secretary and was given full opportunity to cross-examine his accusers and to present his defense the Secretary's discretion should be final except for fraud, accident, or mistake and that no appeal on the merits should be allowed. But, as above stated, under The Vehicle Code the Legislature has merely created an administrative agency, albeit the exercise of its administrative function is in some instances necessarily judicial in nature. . . .

"Where the testimony of the Commonwealth is disputed and there is credible conflicting testimony, the hearing judge must make findings of fact, and exercise his discretion concerning suspensions. If the testimony supports such findings, his discretion will not be disturbed. And if the testimony so taken de novo is undisputed, but there are submitted to him extenuating facts and circumstances, such as, inter alia, inadvertence, emergency, unintentional or accidental violations, including, among other reasons, economic hardship, if adequately supported by the testimony, the exercise of the hearing judge's discretion will not be disturbed".

We might add parenthetically that this is essentially the same argument the secretary advances in the present matter. Why should the conclusion of the court be otherwise?

As we understand Emerick, whether the secretary may or shall suspend is not paramount. The court still has authority to review and, even if the secretary were correct in exercising his discretion to suspend, or whether he was mandated to suspend, the court does have jurisdiction to hear the appeal de novo, and if it concludes the violation was committed, it still has the

right to consider extenuating circumstances, such as inadvertance, emergency, unintentional or accidental violations and economic hardship.

We can also add that this court could consider erroneous actions of the secretary, such as occurred in Smith, supra, or any other abuse of authority. This does not mean that because the court may consider these matters, the motorist will prevail; but, fundamentally, he has the right to appeal to allow the court to determine the matter de novo, not the administrative designee, the secretary, to finally determine if the penalty is warranted.

The Commonwealth appears to contend that where The Vehicle Code states the secretary shall impose a penalty, there is nothing for the court to decide. For the foregoing reasons, we suggest their position is incorrect.

Another factor which we must consider here is "due process", the right of appeal from an administrative agency. Commonwealth v. Hitzelberger, 419 Pa. 354, represents the theory that a taxpayer must pursue his statutory remedy of appeal and, if he fails to do so, cannot thereafter collaterally attack the proceeding. It considers also one's right of appeal. At page 359, it states:

"This Court said, inter alia: 'Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and *a right to court review.* These conditions were fully met in the instant case . . .' "

This case supports Commonwealth v. Lentz, 353 Pa. 98, 103, where the above quotation originated, and goes on to say:

"In Hodge v. Muscatine County, Iowa, 196 U. S. 276, 281, the Supreme Court of the United States said that

'If the taxpayer be given an opportunity to test the validity of the tax at any time before it is made final, whether the proceeding for review take place before a board having a quasi judicial character, or before a tribunal provided by the State for the purpose of determining such questions, due process of law is not denied' ".

Certainly, the secretary cannot be considered as having a quasi-judicial character when he is mandated to impose penalties without discretion. We recognize that the legislature is fully cognizant of the "due process" feature of the present matter and, even though they may have overlooked appropriate amendment of section 620 when they implemented the point system, they would intend such an appeal to lie. The best evidence of this is that there is presently before the legislature House Bill 293 and Senate Bill 40, both allowing appeals from the imposition of points. We would now cite Brennan for the proposition that the legislature did intend an appeal or at least did not intend to preclude a motorist from appealing from the imposition of points.

Therefore, we conclude that a motorist or licensed operator has a right of appeal from the assessment of points by the Secretary of Revenue to the court of common pleas so that it may determine if the imposition of the penalty is warranted.

Accordingly, we enter the following:

ORDER

Now, June 29, 1967, the Commonwealth's motion to quash the appeal is hereby denied and dismissed.