## Smith Motor Vehicle Operator License Case.

Argued September 16, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*I. B. Sinclair,* for appellee.

OPINION BY WOODSIDE, J., November 12, 1964:

This case involves the revocation of a motor vehicle operator's license. The revocation of Edward P. Smith's license followed his plea of guilty in Union County to the charge of burglary on which he was sentenced to a fine and a suspended prison term.

Section 616 of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §616, provides, inter alia, as follows:

"(a)   Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or

was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, . . . Bases requiring such certification follow:

"(1)  Operating a motor vehicle or tractor while under the influence of intoxicating liquor, . . .

"(2)  Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used.

"(3)  Conviction of an operator of a motor vehicle or tractor involved in an accident, resulting in injury or death to any person or damage to property, upon the charge of failing to stop and render assistance or disclose his identity at the scene of the accident. . . ."

The Secretary of Revenue, having received a certified record from the Clerk of the Courts of Union County of proceedings in which Smith pleaded guilty to burglary, forthwith revoked for a period of one year Smith's operating privilege. Smith appealed the revocation to the Court of Common Pleas of Delaware County where he resided. Judge TOAL granted a supersedeas, allowed the appeal and, after hearing, reversed the order of the Secretary. The Commonwealth appealed.

The Commonwealth contends that under The Vehicle Code, Smith has no right of appeal to the Court of Common Pleas of Delaware County from a revocation made by the Secretary under authority of §616, supra. We have decided this question in favor of the Commonwealth in *Ullman Motor Vehicle Operator License Case*, 204 Pa. Superior Ct. 145, 203 A. 2d 386 (1964), which was pending when this case was argued.[1] We set forth

---

[1] The same argument made in the *Ullman* case is being made by the same counsel in this case.

in detail the reasons for our decision in that case. It would serve no purpose to repeat them here.

Although the *Ullman* case forecloses the right of appeal from the Secretary of Revenue in this case, there are differences in the two cases that should be noted. In the *Ullman* case, the plea of guilty was entered for operating a vehicle under the influence of intoxicating liquor and the revocation was made under clause (1) of §616 of The Vehicle Code, supra. In *Brennan's Case*, 344 Pa. 209, 25 A. 2d 155 (1942), cited and quoted in the *Ullman* case, the revocation was made under clause (3) of §616, supra. In both cases the certification of the record by the clerk of the court showed a violation of a specific crime for which revocation was mandatory.

Here, the crime certified was burglary, and no revocation is authorized under §616, supra, *unless* a motor vehicle or tractor was used in the commission of the burglary. See clause (2) of §616, supra. The certification was made by the Union County Clerk of the Court on a form furnished by the Secretary of Revenue entitled "Abstract of Court Record of Violation of The Vehicle Code." It showed only that Smith had pleaded guilty to "burglary." The Vehicle Code does not authorize a hearing by the Secretary in these cases and none was held.[2]

---

[2] The Commonwealth in its brief suggests that the Secretary had in his files information from which he could conclude that Smith had used a motor vehicle in the commission of the burglary. Unless this information was properly included in the certification, it appears to be irrelevant under the statute. It would seem, however, that this information could be the basis of *suspension* under §618(b)(1) of The Vehicle Code, supra, 75 P.S. §618(b)(1), which authorizes a suspension *after hearing* upon a finding that the operator "committed any offense for the conviction of which mandatory revocation of license is provided in this act." This provision insures a finding of fact after hearing, the exercise of the Secretary's discretion, and an appeal procedure.

The Secretary contends that reference to the information upon which the warrant of arrest was issued shows that Smith used a motor vehicle in the commission of the burglary. Smith could be guilty of the burglary without being guilty of using an automobile in the commission of it. It would seem that a licensee would be entitled to a specific determination of the question whether or not a vehicle was used in the burglary. As far as we know, the indictment to which Smith pleaded guilty did not specifically charge the use of a motor vehicle in the commission of the burglary and the court in Union County made no specific finding on this point. The authority of the Secretary of Revenue to revoke under such circumstances is, at least, questionable, and it is clear that if the Secretary was acting without authority, Smith must have a remedy.

The Commonwealth admits that there must be a remedy if the Secretary acted illegally, and suggests in its brief that the licensee could institute proceedings against the Clerk of Court to correct or withdraw the certification sent to the Secretary. It has also been suggested that mandamus or injunction would lie in the Court of Common Pleas of Dauphin County sitting as the Commonwealth Court against the Secretary. See *Hynes v. Logan*, 53 Dauphin Co. Reports 381 (1943), for a procedure raising a question concerning the Secretary's power to revoke an operator's license. As neither of these procedures is before us, we do not now pass upon their validity. It is recognized, however, that an "element of unfairness" may be involved, and that the Secretary of Revenue may be exceeding his authority if in the case of a burglary the certification by the Clerk of the Court does not establish that a motor vehicle was used in its commission. It would seem also that the licensee should be entitled to a *determination* of the fact either in the criminal court

having jurisdiction over the burglary or before the Secretary of Revenue or some other place designated by the legislature.

Order reversed. The revocation is reinstated and the operator's license of the appellee "shall immediately be surrendered to and retained by the department" as required by The Vehicle Code.

---

DISSENTING OPINION BY ERVIN, J.:

I am compelled to dissent from the majority opinion. The Secretary of Revenue received a document, apparently from the Clerk of Court of Union County, which indicated that the defendant plead guilty to a charge of burglary on October 26, 1963. The alleged certification does not state that the defendant used a motor vehicle in connection with the burglary, which is required under §616 of The Vehicle Code, 75 PS §616. That section provides that "(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty . . . of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, and where such person was convicted, or entered a plea of guilty or nolo contendere, of any one of the crimes enumerated in this section, such operating privilege shall not be restored, unless and until the fine and costs, imposed in such cases, have been fully paid. The clerk of the courts shall, when such fine and costs have been so paid in any such case, certify such fact to the Department of Revenue. Bases requiring such certification follow:

"(1) . . . .

"(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used."

It is obvious that the Clerk of Court of Union County did not make a certification that a motor vehicle was used in the commission of the burglary. Nevertheless, the Secretary of Revenue revoked the license of the defendant for a period of one year on the basis of the aforesaid document. I would hold that the aforesaid was not a proper certification as required by the act and that the secretary had no power to revoke the license in question.

Section 620 of The Vehicle Code provides that "Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine . . . whether he may be deprived of the privilege of applying for an operator's license. . . ."

Section 621 of The Vehicle Code provides as follows: "Any person whose operator's license or learner's permit has been revoked under the provisions of this act, shall not be entitled to apply for or receive any new operator's license or learner's permit until the expiration of one (1) year from the date of revocation. . . ."

The legislature has clearly stated in §621 of The Vehicle Code that a revocation makes it impossible for a person to apply for an operator's license; therefore, under §620 of the Code, he may take an appeal to the court of common pleas in the county where he resides because he has been deprived of the privilege

of applying for an operator's license, at least for the period of one year. If the legislature did not intend to permit an appeal arising out of a revocation which also is a denial to apply for a license, it could have easily so provided in either §620 or §621 by merely stating that no appeal shall be permitted in the case of a revocation. I believe that the legislature has saved the defendant in this case by its language in §621.

In *Brennan's Case,* 344 Pa. 209, 25 A. 2d 155, the Supreme Court did not discuss the language set forth in §621 at all. Everyone understands that there is a distinction between suspension and revocation. In the case of a suspension, the defendant is given the opportunity of attending a hearing before the secretary orders a suspension; whereas, in a revocation, there is no such hearing before the secretary prior to the revocation. Under these circumstances, it seems obvious that the legislature did not intend to foreclose an appeal to the courts from a revocation. The theory behind this is logical since the grounds for revocation are usually of a more drastic and severe nature than those for a suspension. Under these circumstances, it is reasonable that the legislature would, and did, by §§620 and 621, permit an appeal to the court of common pleas in the county where the defendant resides on the ground that he is deprived of applying for an operator's license, at least during the period of one year from the date of the revocation.

Judge WRIGHT and I merely concurred in the result in the *Ullman* case; because, in that case the certificate from the clerk of courts to the Secretary of Revenue stated that the defendant plead guilty to operating a motor vehicle while under the influence of intoxicating liquor and the appeal from the revocation would have to have been dismissed in any case. The case at bar presents a different situation.

The majority opinion concedes that the authority of the secretary to revoke in the instant case was "questionable" and that, if the secretary was without authority, Smith must have a remedy. The majority would relegate Smith to action of mandamus or injunction or a proceeding against the clerk of court to correct or withdraw the certification. I would allow the appeal and sustain the order of the court below.

WRIGHT, J., joins in this opinion.