## Smith v. Smith

*Leslie B. Handler* and *I. B. Sinclair*, for plaintiff.

*Elmer T. Bolla*, Deputy Attorney General, for Commonwealth.

SHELLEY, J., February 14, 1966.—On October 26, 1963, plaintiff entered a plea of guilty in Union County, Pa., to the charge of burglary. Thereafter, the clerk of courts of that county forwarded to the Department of Revenue on a form prescribed by the department an official "Abstract of Court Record of Violation of the Vehicle Code", wherein it appeared that plaintiff herein had pleaded guilty to the crime of burglary and had been sentenced to "Pay the Costs of Prosecution. Fine to Commonwealth of Pa. $100.00 Undergo imprisonment in a State Institution for min. 1 year and max. 2 years. Portion sentence imposing imprisonment is hereby suspended and placed on probation of Probation officer for Union County with direction to have said case transferred to Chester County Fine and costs to be paid within 1 week and in default 10 days in Union County Jail".

Thereupon, the Secretary of Revenue, who is defendant herein, revoked the motor license privileges of

plaintiff pursuant to section 616(a) (2) of the Act of April 29, 1959, P. L. 58, 75 PS §616, which provides as follows:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, . . .

"(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used".

Plaintiff appealed the revocation to the Court of Common Pleas of Delaware County, Pa., where he resided. Upon hearing, the lower court reversed the order of the secretary, and the Commonwealth appealed to the Superior Court, contending that under The Vehicle Code, plaintiff had no right of appeal from a license revocation, as provided by section 616(a) (2) of the Act of 1959, supra. The Superior Court reversed the order of the lower court and directed that "the operator's license of the appellee shall immediately be surrendered to and retained by the Department as required by the Vehicle Code".[1]

On April 26, 1965, plaintiff filed an action of mandamus in this court asking us to enter judgment against defendant, commanding him "to restore plaintiff's motor vehicle privileges and operator's license, and cease all interference with plaintiff's operating privilege and use of his operator's permit".

Defendant secretary filed an answer containing

---

[1] Smith Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 379 (1964).

new matter, wherein he requested that plaintiff be denied the relief he demands in mandamus, in that plaintiff has an adequate, proper, complete and full remedy in the Court of Quarter Sessions of Union County, Pa.

Plaintiff thereafter motioned this court for summary judgment against defendant, pursuant to Pennsylvania Rule of Civil Procedure 1098.[2]

Mandamus issues only where there is a clear and specific legal right in plaintiff, a corresponding duty in defendant, and a want of any other adequate and appropriate remedy: Verratti v. Ridley Township, 416 Pa. 242 (1965). The right which is sought to be protected must be clearly established, and the writ is never granted in doubtful cases: Travis v. Teter, 370 Pa. 326 (1952).

Mandamus cannot be used to review or compel the undoing of action taken by an official in good faith and in the exercise of legitimate jurisdiction, even though, in fact, the decision rendered may have been wrong: Highway Paving Company v. Board of Arbitration of Claims, 407 Pa. 528 (1962).

The certificate of the Clerk of Courts of Union County does not specifically set forth that a motor vehicle was used by plaintiff in the perpetration of the crime of burglary, to which he pleaded guilty. However, in the absence of proof to the contrary, the law presumes that a public official's actions were pursuant to proper authority and that the antecedent steps

---

[2] Rule 1098 of the Pennsylvania Rules of Civil Procedure provides:

"At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible".

necessary to give validity to his official acts were duly taken: McIntosh Road Materials Co. v. Woolworth, Secretary of Property and Supplies, 365 Pa. 190, 211 (1950).

The offense of burglary, to which plaintiff pleaded guilty, was committed in Union County, and the court of that county had exclusive jurisdiction. Plaintiff is asking this court to decide that the certification from Union County was illegal, invalid, null and void. To do so would require this court to conjecture what facts appear in the record in Union County. As we do not have that record before us, it follows that we must conclude that the Court of Union County should determine whether or not, under all of the circumstances, there are the necessary facts to support the certification.

Our court, in Commonwealth v. Salvatore, January term, 1964, no. 96,[3] had a similar proceeding before it. Defendant was convicted of the offense of abortion. The clerk thereupon forwarded to the department of revenue a form entitled "Abstract of Court Record of Violation of the Vehicle Code", which was identical with the form used in the instant case.[4] Defendant petitioned this court for rule upon the Clerk of Courts of Dauphin County to show cause why the certification of the record at the above term and number to the Department of Revenue, Bureau of Traffic Safety, should not be recalled, suspended, and declared null and void, and of no effect. No answer was filed, and the rule was subsequently made absolute. See also Commonwealth v. Werry, 29 D. & C. 2d 756 (1962).

For the reasons set forth above, we conclude that there is an effective and adequate remedy at law under

---

[3] Not reported.

[4] In that case, the record indicated that defendant had transported the female upon whom the abortion was committed to a location in Dauphin County, where the act took place.

the circumstances of the instant case and, accordingly, make the following

ORDER

And now, February 14, 1966, plaintiff's complaint in mandamus is dismissed, and plaintiff's motion for summary judgment is denied. Costs to be paid by plaintiff.