Smith Motor Vehicle Operator License Case.

488

Argued March 23, 1967. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*I. B. Sinclair,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., April 12, 1967:

On October 26, 1963, appellant Edward P. Smith entered a plea of guilty to the charge of burglary in the Court of Quarter Sessions of Union County. He was sentenced to pay a fine and placed on probation. On November 7, 1963, the clerk of said court certified the conviction to the Department of Revenue, which notified appellant on November 30, 1963, that his operating privileges were revoked for a period of one year. The reasons given for the revocation were:

1. "Certification from the Clerk of Court of Union County, Section 616(a)(2) of Act 32 Vehicle Code." (Act of April 29, 1959, P. L. 58, 75 P.S. 616) ; and

2. "Burglary in connection with motor vehicle."

On November 26, 1963, appellant filed an appeal to the Common Pleas Court of Delaware County from the revocation of his privileges and his appeal was sustained by that court. Thereupon the Commonwealth appealed to the Superior Court on April 30, 1964, and we held that no appeal lies from the action of revocation taken by the Secretary under Section 616 of The Vehicle Code. We reversed the Delaware County Court and reinstated the order of revocation. *Smith Motor Vehicle Operator License Case,* 204 Pa. Superior Ct. 379, 204 A. 2d 477 (1964). Appellant's petition for allocatur was refused by the Supreme Court.

In our earlier consideration of this matter we did suggest that since neither the certificate issued by the Clerk of Courts of Union County nor the indictment charging burglary showed the use of a motor vehicle by appellant in the commission of the crime, and The Vehicle Code did not provide for a hearing at which the use or nonuse of a motor vehicle could be determined before the revocation action was taken, that it was unfair to appellant and that he "should be entitled to a *determination* of the fact either in the criminal court having jurisdiction over the burglary or before the Secretary of Revenue or some other place designated by the legislature."

Following this decision appellant filed an action in mandamus in Dauphin County against the Secretary of Pennsylvania without success. *Smith v. Smith, Sec'y of Revenue,* 85 Dauph. 4 (C.P. 1966). Next he petitioned the Court of Quarter Sessions of Union County at the same number, term and year of the criminal case in which he was sentenced, to rescind, recall, revoke and declare null and void and of no effect the certificate aforesaid issued by its clerk. Following a hearing on that petition it was dismissed on the grounds that a motor vehicle *was* used in the commission of the burglary. This appeal followed.

Section 1209(b) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §1209, provides:

"(b) The clerk of any court of record of this Commonwealth, within ten (10) days after final judgment of conviction or acquittal of any of the provisions of this act, shall send to the department a certified copy of such judgment of conviction or acquittal. Certified copies of the judgment shall also be forwarded to the department upon conviction or acquittal of any person of manslaughter or other felony or misdemeanor in the commission of which a motor vehicle or tractor was used."

Section 616(a)(2) of The Vehicle Code, 75 P.S. §616 provides:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, and where such person was convicted, or entered a plea of guilty or nolo contendere, of any one of the crimes enumerated in this section, such operating privilege shall not be restored, unless and until the fine and costs, imposed in such cases, have been fully paid. The clerk of the courts shall, when such fine and costs have been so paid in any such case, certify such fact to the Department of Revenue. Bases requiring such certification follow:

. . .

"(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used."

These provisions do not require the certification to include a statement that a motor vehicle was involved. All that the clerk is required to do is to certify the judgment of conviction or acquittal. Therefore, we conclude that neither the indictment nor the certificate need state that fact. The question is purely one of the propriety of the action of the clerk in certifying the judgment against appellant to the Secretary of Revenue and the lower court has now decided that his action was proper.

Although the Code provisions call upon the Clerk of the Court to certify in such cases, it is nevertheless the record of the court which is to be certified. Every court of record has supervisory and protecting charge

over its records, and has inherent power to amend its record in order to make it conform to facts. *Mid-City Bank and Trust Company v. Myers,* 343 Pa. 465, 23 A. 2d 420 (1942). That is precisely what was done in this case. If the clerk certified the judgment on his own knowledge of the facts, or on the oral order of the sentencing judge, the record itself has now been corrected to conform with the facts showing that a motor vehicle was used in this burglary.

We have serious doubt whether this amendment of the record is appealable. However, rather than quash this appeal we have examined the record made on appellant's petition and find it fully supports the finding made by Judge KALP that appellant's automobile was used as one of the get-away cars after this burglary had been committed. Appellant's complaint as to unfairness or lack of due process has now been answered. He has had his opportunity to contest this fact.

Order affirmed.