## Berninger License

*Nickolas B. Piazza*, for appellant.
*Robert E. Bull*, for Commonwealth.

KREISHER, P. J., May 19, 1967. — The above-captioned appellant had his automobile operator's license suspended by the Secretary of Revenue, whereupon counsel for appellant filed a petition to appeal to the court of common pleas from said action. The court made an order fixing a hearing more than 30 days hence, and thereafter, the Commonwealth filed a motion to quash the appeal. The first contention of the Commonwealth is that the appeal should be quashed because the same was filed before the effective date of the suspension, but after notice thereof was received by appellant. We have this date filed an opinion in the case of George A. Confair dismissing a motion

to quash on this grounds, and, therefore, we will not repeat what was stated in that case. See Confair License, 44 D. & C. 2d 323.

The second contention for the Commonwealth's motion to quash the appeal is founded upon section 619.1 of The Vehicle Code as amended by the recent Act of January 24, 1966, P. L. (1965) 1497. This section of The Vehicle Code established a point system for driver education, testing and suspension of licenses under certain circumstances. It is the contention of the Commonwealth that certain of the provisions of the point system are mandatory because of the use of the word "shall" as used in the introductory portion of this amendment.

The said introductory paragraph provides, as follows:

"(a) In addition to the powers and duties of revocation and suspension conferred upon the secretary under sections 616, 617, 618 and 619 of this act, he shall administer a system for driver education, testing and suspension as hereinafter provided".

Under subsection (b), the provisions relating to speed over the legal limit provide that any speed 16 to 20 miles per hour over the legal rate shall accumulate six points and 15 days' suspension; from 21 to 29 miles per hour over the limit, a driver is charged with six points and 30 days' suspension, and 30 and over, it is six points and 60 days' suspension.

The Commonwealth also contends that under the wording of section 618(b)·(2), which refers to section 619.1 by use of the word "shall", also indicates a mandatory suspension with no right of appeal. We believe that these sections must be interpreted in the light of section 620, which provides for the right of appeal to the court from suspension, as amended, August 6, 1963, P. L. 509, 75 PS §620. This section provides that:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license privilege to operate a motor vehicle. . . ."

The last paragraph of the section provides that any person aggrieved by the decision of the court of common pleas shall have the right of appeal to the Superior Court.

The cases cited by the attorney for the Commonwealth in his brief are all cases that were decided by the court prior to the said amendment effective July 24, 1966, and do not deal with the point system plan.

Furthermore, said cases all deal with the mandatory provisions of the code calling for a revocation of the license after a licensee is judicially determined guilty of a misdemeanor, and they do not apply to suspensions. The distinction between a revocation and a suspension is pointed out in the case of Smith Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 379.

The Commonwealth contends that the periods of suspension set forth in section 619.1 of the code under speeds over the legal limit are mandatory from which no appeal will lie and they endeavor to bolster this argument by the contention that section 619.1 was enacted by the legislature subsequent to the last enact-

ment of section 620, which provides for an appeal in the case of a suspension. It is our opinion that this bolstering argument is without merit because all sections of the code are applicable, irrespective of their date of enactment. The cases decided on appeal under the authority contained in section 620 all hold that the appeal is de novo and the court has the duty of finding the facts relative to the alleged violation, and then determining whether or not the suspension imposed by the secretary is in accordance with the facts as a matter of pure logic. It is our opinion this same reasoning should be applied to the suspension provisions set forth in section 619.1 under the speeding provisions.

Said provisions above quoted provide that for certain speeds over the legal limit, only points are assessed, while greater speeds over the legal limit calls for various periods of suspension. Therefore, a question of fact arises requiring a determination of the exact speed at the time of the alleged violation. For example, are we to assume from the Commonwealth's argument that an operator who pays a fine for traveling six miles in excess of the legal limit, which calls for the assessment of three points, who then receives notice from the secretary that his license is suspended for 15 days, would have no redress in the courts? We think not. We do not believe the legislature intended to place these kingly prerogatives in the Secretary of Revenue without judicial review.

We, therefore, conclude that the broad right of appeal in the case of suspension, as contained in section 620 of the code, applies with equal force to the new section providing for the point system, driver education, testing and suspension. If the legislature intended to invest the Secretary of Revenue with this dictatorial power without review, then they could have very easily inserted in the act that section 620 of the

code did not apply, and no appeal would be allowed following the enumeration of the point system set forth in section 619.1.

There are no less than 12 subdivisions setting forth procedures, rules and regulations applying to the preceding point system. These subdivisions provide for specific examinations, driver clinics, point reductions, suspensions and so forth, which would all indicate the preceding point system is flexible and not mandatory. Under section 619.1(k) it is provided:

"Whenever an operator's license or learner's permit is suspended pursuant to the provisions of this section, unless otherwise provided, the first such suspension shall be for a period of sixty (60) days; the second such suspension shall be for a period of ninety (90) days, and any subsequent suspension shall be for such period of time as the secretary may, in his discretion deem proper, such period to be not less than one hundred twenty (120) days nor more than one (1) year".

Likewise, a number of the other sections indicate certain action to be taken under certain circumstances, and different action to be taken under different circumstances, which indicates a classification and placing an exercise of discretion in the Secretary of Revenue. It, therefore, follows, in our opinion, that since the legislature has established the lengthy and detailed action to be taken by the secretary under the different circumstances, this action must be subject to review by the court under the authority contained in section 620 giving to the operator the right to appeal from the action of the secretary imposing a suspension. Therefore, without further comment, we enter the following:

### ORDER OF COURT

And now, to wit, May 19, 1967, the motion on behalf of the Commonwealth to quash the appeal in the above captioned case is hereby dismissed and the respective

counsel for the parties shall arrange with the court for a date for hearing of said appeal.