Whiting Motor Vehicle Operator License Case.

Submitted September 15, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Elmer T. Bolla,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY SPAULDING, J., November 16, 1967:

This is an appeal from an order of Court of Common Pleas No. 9 of Philadelphia County in granting a hearing de novo and sustaining the appeal of Maurice Whiting, appellee, from the revocation of his operator's license by the Secretary of Revenue of the Commonwealth.

Appellee's license was revoked originally in 1959 as a result of his conviction for involuntary manslaughter. It was not reinstated because he failed to file the required proof of financial responsibility. On December 12, 1966 appellee was convicted of the charge of operating a motor vehicle during the time that his license was revoked.[1]

On January 3, 1967 the Secretary of Revenue received a certification of the conviction and under §616(b) of The Vehicle Code,[2] revoked appellee's operator's license for a period of one year, effective February 3, 1967. Appellee then appealed to the court below which, after a hearing, entered an order sustaining the appeal. The Commonwealth asserts that this was error.

Section 616 of The Vehicle Code of 1959 (75 P.S. §616), provides in part:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person. . . . Bases requiring such certification follow: [Subparagraphs 1 through 4 omitted.]

---

[1] No. 6388 May Session 1966—Quarter Sessions Court of Philadelphia County. Appellee pleaded guilty to the charge.

[2] Act of April 29, 1959, P. L. 58, §616, 75 P.S. §616.

"(b) The secretary, upon receiving a certified record from the clerk of the court of the conviction of any person upon a charge of operating a motor vehicle . . . while the operator's license . . . of such person is revoked, shall immediately extend the period of such first revocation for an additional like period."

It is clear that this case falls within the rule enunciated in *Ullman Motor Vehicle Operator License Case*, 204 Pa. Superior Ct. 145, 203 A. 2d 386 (1964), holding that there is no right of appeal to the Court of Common Pleas from a *revocation* of a motor vehicle operator's license by the Secretary of Revenue under §616 of the Act. In that case the Secretary revoked the license upon certification of a guilty plea by Ullman to driving while under the influence of intoxicating liquor. On appeal, the Court of Common Pleas reversed the Secretary. The Commonwealth then appealed and this Court reversed the Court of Common Pleas stating, "The court below allowed the appeal without statutory authority and in direct violation of a decision of the Supreme Court. . . . There is no possible reason for the court below to have sustained the appeal even if it has jurisdiction, which it does not. Ullman never questioned his conviction. Admitting the conviction, he had no standing to question the mere ministerial act of the Secretary in revoking his operator's license as the code requires. . . . There is no appeal to the court of common pleas from a revocation of an operator's license. In Brennan's Case, 344 Pa. 209, 211, 212, 25 A. 2d 155 (1942), the Supreme Court dealt with this question and stated: 'The code does not provide for an appeal in the case of a revocation. . . . Brennan had his day in court when he appeared and entered his plea of nolo contendere. The revocation by the secretary was based thereon just as the sentence by the court of quarter sessions followed the plea. The guilt of the operator having been established by his

own plea, the secretary was bound by the mandate of the legislature and the Vehicle Code has provided for no appeal from such action.' " In *Ullman, supra,* we pointed to the distinction between a *revocation* under §616 and a *suspension* by the Secretary after hearing.[3] In the latter instance, under §620[4] of the Code, an operator has the right of appeal to the Court of Common Pleas. *Id.,* at 151, 152.

We reiterated the rule that there is no right of appeal from a revocation of the operator's license under §616 in *Smith Motor Vehicle Operator License Case,* 204 Pa. Superior Ct. 379, 204 A. 2d 477 (1964). Former Judge WOODSIDE of this Court, in discussing the *Smith* case, stated that in both *Ullman* and *Brennan* the certification of the records by the clerks of the courts showed violations of specific crimes for which revocation was mandatory. No revocation is authorized unless a motor vehicle or tractor was used in the commission of the crime. Although the certificate of the clerk of the court disclosed only that Smith had pleaded guilty to burglary, the Secretary of Revenue contended that reference to information upon which the warrant of arrest was issued disclosed that Smith used a motor vehicle in the commission of the crime. Judge WOODSIDE stated, "The authority of the Secretary of Revenue to revoke under such circumstances is, at least, questionable," (*Smith,* at 383) nevertheless the revocation was sustained and allocatur was denied by the Supreme Court. Thereafter Smith filed an action in mandamus in Dauphin County Court without success. He also filed a petition for relief in the Court of Quarter Sessions of Union County. That petition was dismissed after hearing on the grounds that a motor

---

[3] Act of April 29, 1959, P. L. 58, §618, 75 P.S. §618 (as amended).

[4] Act of April 29, 1959, P. L. 58, §620, 75 P.S. §620, as amended August 6, 1963, P. L. 509 §1, 75 P.S. §620 (Supp.).

vehicle was used in the commission of the crime. On appeal to this Court, 209 Pa. Superior Ct. 487, 229 A. 2d 18 (1967), the lower court was affirmed.

It is now well established that for certain offenses the Secretary of Revenue is *required* to *revoke* operating licenses and in such instances the legislature did not intend to extend a right of appeal to Courts of Common Pleas of the Commonwealth.

The order of the Court of Common Pleas No. 9 of Philadelphia County is reversed and the revocation of the operator's license by the Secretary of Revenue is reinstated.