## Commonwealth v. Irvin

*Richard M. Sharp,* for appellant.

*Donald E. Lee,* of *Litke, Gettig & Flood,* for Commonwealth.

CAMPBELL, P. J., April 11, 1972.—On September 13, 1971, defendant entered a plea of guilty in this court to a charge of failure to stop at the scene of an accident. On December 6, 1971, defendant's license was revoked by the Secretary of Revenue. He now appeals from that revocation.

Defendant bottoms his appeal solely on the grounds that the Secretary has no right to revoke his license without an administrative hearing and cites as his authority: Reese v. Kassab, 334 F. Supp. 744 (1971), and Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90 (1971).

We disagree with defendant's position. The cases cited involve a suspension of a license and not a revocation thereof. This case involves a revocation under section 616(a) (3) of The Vehicle Code of April 29, 1959, 75 PS §616, as amended, which provides that upon receiving a certified record that a person has pled guilty to a charge specified in that section, the Secretary shall forthwith revoke the operating priv-

ileges of that individual. Unlike the suspension situation, the Secretary has no discretion. We believe this case to be controlled by the following authorities: Brennan's Case, 344 Pa. 209 (1942) and Whiting Motor Vehicle Operator License Case, 211 Pa. Superior Ct. 245 (1967).

The rationale is clear that there is a distinct difference between a suspension and a revocation. In the former, the Secretary has discretion and a hearing is required to afford due process. In the case of revocation, it is based upon a conviction and defendant had his day in court and due process with respect to the charge which the Commonwealth made against him. Thereafter, the Secretary has no authority but to comply with the statute and revoke the license.

Defendant's appeal is dismissed and the revocation order of the Secretary is affirmed.