## Gulick License

*Donald B. Swope,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, contra.

Erb, *J.,* December 12, 1975—This matter is before the court on appeal from the revocation of the appellant's operating privileges by the Secretary of the Department of Revenue for a period of one year pursuant to section 616(a)(4), of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §616.

The revocation, imposed after a hearing conducted March 22, 1975, was based on the certification from the Clerk of Court of York County, Pa., that defendant had entered a plea of guilty to a violation of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233 (No. 64), 35 P.S. §780-101, et seq., to wit: possession of marijuana.

Defendant at the time of his plea before George W. Atkins, President Judge, on June 11, 1973, admitted that he was operating a motor vehicle while in possession of marijuana. The evidence produced by appellee, not disputed by appellant, confirms this factual circumstance as detailed at the

time of the plea, which falls directly within the offense enumerated in the section of The Vehicle Code, cited as the reason for the suspension.

Appellant first argues that since appellant's plea was accepted under section 17 of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-117, the action taken is beyond the scope of authority granted by this section. The court would agree with this position, except for the fact that the plea was not so accepted. The record shows that President Judge Atkins, on accepting the guilty plea, made the following statement:

"In this case I'm going to make this disposition, I'm not going to incarcerate you nor am I going to dispose of it under Section 17 of the drug act because very frankly, I think so far as the case of this kind is concerned that section means little, if anything."

Appellant finally argues that section 616(a)(4) is unconstitutional in that it is arbitrary and violative of the constitutional guarantees of equal protection.

Appellant cites Commonwealth v. Weiner, 42 D. & C. 2d 164 (1967); and Lechner Appeal, 56 D. & C. 2d 606 (1972), as supportive of his position.

In the Weiner case, the secretary revoked the operator's license of appellant under section 618(a)(1) of The Vehicle Code, which allows suspension where the Secretary finds, on sufficient evidence, that a person is incompetent to operate a motor vehicle. The sole basis for the Secretary's determination was that appellant had entered a plea of guilty to possession of a drug. In sustaining the appeal on the basis that this was insufficient to find a person incompetent to operate a motor vehicle, the court said, at page 165:

"There is no evidence that he had ever been af-

fected by the drug in any way or that he ever operated or attempted to operate a vehicle on the occasion of its admitted use."

Section 616(a)(4) of The Vehicle Code, which was under consideration by the court in the Lechner case, provided only that "a plea of guilty to unlawful possession or sale of narcotics" was sufficient to suspend the operator's privileges. The court citing the Weiner case as authority, found that the section was unconstitutional in that the possession or sale of narcotics in no way related to the operation of a motor vehicle, was beyond the scope of the object of the legislature in controlling the operation of motor vehicles, and, therefore, was an arbitrary abuse of their police power.

This section was amended, however, prior to the entry of the plea in the present case. It now reads as follows:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty . . . of any of the crimes enumerated in this section, the Secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privileges of any such person: . . . Cases requiring such certification follow:

". . .

"(4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device, and Cosmetic Act,' or utilizing a motor vehicle in the unlawful . . . sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device, and Cosmetic Act.' "

The legislature has a legitimate interest in preventing the operation of a motor vehicle while the

operator is in unlawful possession of a controlled substance. The legislative thrust of this section is not dissimilar from section 616(a)(2) of The Vehicle Code which allows revocation where a felony is committed with the use of an automobile, and which has been found enforceable by the appellate courts. See Smith Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 487, 229 A. 2d 18 (1967). Both sections deal not with the competence of the operator, but with increased danger to the public when these unlawful activities coincide with the use of a vehicle. We find, therefore, that section 616(a)(4) is constitutionally proper and that the action taken by the secretary in this case is adequately buttressed by the evidence.

## ORDER

And now, December 12, 1975, it is the order of the court that the action of the secretary is affirmed, the appeal is dismissed, and the supersedeas heretofore issued with respect to the suspension of Appellant's operating license is revoked.