## Commonwealth v. Schulze

*Henry O. Heiser, III,* for appellant.
*Harold H. Cramer,* Assistant Attorney General, for Commonwealth.

MacPHAIL, *P.J.*, March 9, 1976—This is an appeal from an order of the Department of Transportation revoking the petitioner's operating privileges for one year under the provisions of section 616(a)(4) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §616.

## FINDINGS OF FACT

1. The petitioner is licensed to operate motor vehicles in the Commonwealth of Pennsylvania.

2. On January 9, 1975, defendant entered a plea of guilty to possessing marijuana, a controlled substance, under the provisions of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-1, et seq.

3. On May 9, 1975, the deputy clerk of courts of Adams County certified defendant's plea to the Bureau of Traffic Safety as required by section 1209(b) of The Vehicle Code, supra.

4. The petitioner was notified of his right to a departmental hearing.

5. A departmental hearing was held and the examiner recommended revocation.

6. Neither the "record" certified by the clerk nor the report of the examiner indicates that the petitioner was operating or in control of the operation of a motor vehicle while he was in possession of the marijauna.

7. At the time of his arrest, the petitioner was operating a motor vehicle.

## DISCUSSION

This case turns upon the very narrow question of whether a revocation order must be set aside if there is nothing in the record certified to the department which would indicate that the petitioner was operating a motor vehicle when he was arrested for possessing marijuana. Section 616-(a)(4) of The Vehicle Code, supra, reads in pertinent part as follows:

"Upon receiving a certified record, from the clerk of the court, of proceedings in which a person

pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person. . . . (4) Operating or controlling the operation of a motor vehicle while in unlawful possession of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act' or utilizing a motor vehicle in the unlawful transportation or the unlawful sale of any controlled substance as defined in 'The Controlled Substance, Drug, Device and Cosmetic Act'."

We directed that a hearing be held, at which hearing the Commonwealth introduced a certified copy of the papers on file in the Bureau of Traffic Safety which pertained to this case and then called the petitioner as of cross-examination. Counsel for the petitioner objected to having the petitioner testify, but we held that since license suspension/revocation appeals are civil in nature, the Commonwealth was within its proper right in calling the petitioner to testify as of cross-examination. When he was asked if he was operating a motor vehicle when he was arrested for the offense of possession of marijuana, the petitioner responded in the affirmative. No other evidence was presented at the hearing. We directed counsel to file memoranda of law and took the matter under advisement.

Both the petitioner and the Commonwealth rely upon Smith Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 487, 229 A. 2d 18 (1967), to sustain their respective positions. That case was the successor to Smith Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 379, 204 A. 2d

477 (1964). The underlying facts were that Smith entered a plea of guilty to burglary. That fact was certified by the clerk of courts to the Department of Transportation. Smith's operating privileges were revoked for one year under the provisions of section 616(a)(2) of The Vehicle Code, supra. The pertinent provisions of subsection (a) are set forth above. Subsection (2) thereof reads as follows:

"Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used."

Although the department in its suspension order said that the burglary was "in connection with a motor vehicle," there was nothing in the clerk's certification of conviction that disclosed that Smith's burglary was in connection with a motor vehicle. In the 1964 case, the Superior Court dismissed the appeal on the ground that no appeal could be taken from a revocation order, a matter subsequently remedied by section 9, Article V, of the Pennsylvania Constitution adopted April 23, 1968. See Department of Transportation v. Hosek, 3 Pa. Commonwealth Ct. 580, 284 A. 2d 524 (1971). However, the court undertook to review the substantive issue involved and stated, 204 Pa. Superior Ct. at page 383-84.

"The authority of the Secretary of Revenue to revoke under such circumstances is, at least, questionable, and it is clear that if the secretary was acting without authority, Smith must have a remedy. . . . It is recognized, however, that an 'element of unfairness' may be involved, and that the Secretary of Revenue may be exceeding his authority if in the case of a burglary the certification by the Clerk of the Court does not establish that a motor

vehicle was used in its commission. It would seem also that the licensee should be entitled to a *determination* of the fact either in the criminal court having jurisdiction over the burglary or before the Secretary of Revenue or some other place designated by the legislature."

Undoubtedly encouraged by this language, Smith did seek other remedies, including a petition in the lower court to "rescind, recall, revoke and declare null and void and of no effect" the certificate issued by the clerk. A hearing was held on that petition and it was dismissed on the grounds that a motor vehicle *was* used in the commission of the burglary. Smith again appealed from the action by the lower court. The Superior Court in the 1967 case in construing the provisions of section 616(a)(2) of The Vehicle Code, supra, said, 209 Pa. Superior Ct. at page 491:

"These provisions do *not* require the certification to include a statement that a motor vehicle was involved. All that the clerk is required to do is to certify the judgment of conviction or acquittal. *Therefore, we conclude that neither the indictment nor the certificate need state that fact.* The question is purely one of the propriety of the action of the clerk in certifying the judgment against appellant to the Secretary of Revenue and the lower court has now decided that his action was proper." (Emphasis supplied.)

Thus, it seems clear that the law in this area is that: (1) the certification of conviction by the clerk of court does not require a statement that an automobile was used; (2) the revocation order will not be disturbed if, *in fact,* a motor vehicle was involved; and (3) the petitioner is entitled to a hearing to determine that fact.

Applying that law to the case now before us, we must sustain the secretary's order. Even though the clerk's certificate made no reference to the operation or control of the operation of a motor vehicle, the secretary was entitled to act thereon if, in fact, the petitioner was convicted or had pled guilty to the unlawful possession of a controlled substance. The petitioner is entitled to a determination of the fact of whether he was operating a motor vehicle or was in control of the operation of a motor vehicle at the time of his arrest. Here, the petitioner was afforded such a hearing by this court and that fact was determined. Procedurally, we can see no difference between the determination of the fact in a collateral proceeding, as in the Smith case, supra, and a determination of the fact in a de novo hearing on the petition to set aside a revocation order.

### CONCLUSION OF LAW

The secretary was authorized to revoke the petitioner's operating privileges under section 616 (a)(4) of The Vehicle Code.

### ORDER OF COURT

And now, March 9, 1976, the appeal from revocation is denied.